UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GAS NATURAL INC., | ) | CASE NO. 1:14 CV 2181 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| RICHARD M. OSBORNE, | ) | |
| | ) | |
| Defendant. | ) | |

On October 2, 2014, Plaintiff Gas Natural Inc. filed a complaint against Defendant Richard M. Osborne. Gas Natural alleged that certain letters that Osborne sent to shareholders following his May 2014 removal as Chairman and CEO of Gas Natural were "solicitation" letters under Rule 14a-1 of the Securities Exchange Act of 1934 ("the Act"), and that the letters violated Rules 14a-3 and 14a-6 of the Act because Osborne did not file a preliminary or definitive proxy statement with the SEC (Count I). Gas Natural also alleged that the letters contained numerous false statements of fact which defamed Gas Natural and its board of directors (Count II). That same day, Gas Natural filed a Motion for Temporary Restraining Order and Preliminary Injunction asking the Court to enjoin Osborne from sending further solicitation letters to shareholders without complying with Rules 41a-3 and 14a-6 of the Act ("Motion"). (Doc #: 2.)

Due to the emergency nature of Gas Natural's Motion, the Court held two teleconferences with counsel and clients on October 2, 2014, to determine how best to resolve the Motion and the entire case. (Doc #: 8.) Based on Osborne's agreement not to raise the bar of

*res judicata* to the defamation counterclaim asserted by Gas Natural in the Lake County court proceeding, Gas Natural agreed to dismiss the defamation claim articulated in Count II without prejudice – which claim the Court dismissed without prejudice on October 2, 2014.  (See id. at 2.)  The Court also scheduled a hearing on the Motion on October 8, 2014 and issued a briefing schedule.  (Id.)

On October 8, 2014, the Court held an evidentiary hearing on the Motion.  Based on Osborne's clear testimony, the undisputed facts, and for the reasons stated on the record, the Court concludes that, so long as Osborne maintains his Lake County case wherein he seeks to overturn the election of board members at the July 30, 2014 annual meeting and he seeks reinstatement to the board, he must register with the SEC any future letters to shareholders.  Because there is nothing further for the Court to consider and this ruling resolves the relief sought by Gas Natural in Count I, the Motion (**Doc #: 2**) is **GRANTED** and the case is hereby **dismissed with prejudice**.

The Court notes that, if the Lake County case is resolved, this injunction will be dissolved because the facts will have changed – in which case Osborne should consult with counsel on the question of whether he is required to register with the SEC any future letters to shareholders.

**IT IS SO ORDERED.**

                          */s/ Dan A. Polster     October 9, 2014*
                          **Dan Aaron Polster**
                          **United States District Judge**